# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| DENISE HAMILTON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 10-0585 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 3 |
| | : | | |
| MICHELLE RHEE *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

# MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

This matter is before the Court on the defendants' motion to dismiss and the plaintiff's opposition thereto. Because the *pro se* plaintiff has not stated a claim upon which relief can be granted, the court grants the defendants' motion to dismiss.

## II. FACTUAL & PROCEDURAL BACKGROUND[1]

Since approximately 2003, the plaintiff, a blind teacher, was employed by the District of Columbia Public Schools ("DCPS") and taught visually impaired, blind and special education students. Compl. at 2. On August 1, 2008, the DCPS terminated the plaintiff "allegedly for lacking the proper licensing credential to work as a . . . teacher," notwithstanding the fact that, prior to her "final date of termination," she had passed the licensing exam and was issued the proper credential by the Office of the State Superintendent of Education. *Id.* The plaintiff asserts that her termination was the result of unlawful disability discrimination. Pl.'s Opp'n at

---

[1] In resolving the defendant's Rule 12(b)(6) motion to dismiss, the court treats as true the factual allegations contained in the plaintiff's complaint. *Erby v. United States*, 424 F. Supp. 2d 180, 181 (D.D.C. 2006) (citing *I.T. Consultants v. Pakistan*, 351 F.3d 1184, 1188 (D.C. Cir. 2003)).

1-2. Apparently addressing the issue of exhaustion, the plaintiff states that she had previously filed a charge with the Equal Employment Opportunity Commission ("EEOC") and had received a right to sue letter. *Id*. at 3. The plaintiff also alleges that she was denied her right to a due process hearing to challenge the DCPS's decision not to give her an incentive check based on her students' improved test scores. *Id*. at 2-3.

The plaintiff filed her complaint in the District of Columbia Superior Court on March 12, 2010, demanding reinstatement, back pay and benefits, expungement of all references to her termination from her personnel records and unspecified compensatory and punitive damages. *Id*. at 3-4. Although the plaintiff does not identify any federal statute or common law theory under which she brings her claims, her allegations taken as a whole appear to allege violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and constitutional due process violations as brought pursuant to 42 U.S.C. § 1983. *See generally* Compl.; Pl.'s Opp'n. The defendants removed the action to this court on April 14, 2010, *see* Notice of Removal, and immediately thereafter filed their motion to dismiss, *see generally* Defs.' Mot. With the motion now fully briefed, the court turns to the applicable legal standards and the parties' arguments.

## II. ANALYSIS

### A. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice

pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-46, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556).

In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. Dist. of Columbia*, 353 F.3d 36, 39 (D.C. Cir.

2004); *Browning*, 292 F.3d at 242. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### B. The Plaintiff Has Not Exhausted Her Remedies With Respect to Her ADA Claim

The plaintiff asserts that "[h]er termination was the result of a pattern of discrimination against visually impaired employees." Pl.'s Opp'n at 1-2; *see also* Compl. at 2-3. The defendants' argue that the plaintiff did not administratively exhaust an ADA claim based on her termination. *See* Defs.' Mot. at 9-12.

"Before bringing suit in federal court, ADA plaintiffs, like those under Title VII, must exhaust their administrative remedies by filing an EEOC charge and giving that agency a chance to act on it." *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) (citing 42 U.S.C. § 12117(a); *Park v. Howard Univ.*, 71 F.3d 904, 907-09 (D.C. Cir. 1995)). Dismissal results when a plaintiff fails to exhaust his or her administrative remedies. *See, e.g.*, *Johnson-Parks v. D.C. Chartered Health Plan*, 713 F. Supp. 2d 39, 46 (D.D.C. 2010); *Pailes v. U.S. Peace Corps*, 2009 WL 353482, at *4 (D.D.C. Nov. 2, 2009).

As the defendants point out, the plaintiff's EEOC charge clearly and specifically alleges only that the plaintiff was not selected for several unspecified positions with the DCPS based on her disability. *See generally* EEOC Charge.[2] The EEOC Charge states that the plaintiff applied

---

[2] The defendants assert that the court must analyze their exhaustion argument under a summary judgment standard because they rely on the plaintiff's Equal Employment Opportunity Commission charge, which they attach to their motion. Defs.' Mot. at 4 n.3. This document, however, was incorporated by reference in the plaintiff's complaint, and the court properly considers it as part of a motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) (explaining that, in determining a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents *incorporated into the*

4

and attempted to gain employment with the DCPS on numerous occasions but, due to her disability, she was never selected nor provided a reason for her non-selection. *See generally id*. The EEOC Charge does not mention the plaintiff's termination. *See generally id*. In nearly identical circumstances this Circuit has explained that where "[t]he charge filed by [the plaintiff] with the EEOC made no mention of her termination," the plaintiff had not exhausted her administrative remedies concerning her termination claims because "[t]he [EEOC] could not reasonably be expected to investigate [the plaintiff's] firing based on the allegations in the charge, which spoke only of [the defendant's] failure to allow her to apply for [a specified] job." *Marshall*, 130 F.3d at 1099. Because nothing in the plaintiff's EEOC charge even remotely references her termination, *see generally* EEOC Charge, the plaintiff has failed to exhaust her administrative remedies with respect to her termination claim, *see Parisi v. Boeing Co.*, 400 F.3d 583, 586 (8th Cir.2005) (barring claims of discrimination that did not appear in the plaintiff's EEOC questionnaire). Moreover, as her termination is the only basis for her ADA claim before this court, *see* Compl. at 2-3; Pl.'s Opp'n at 1-2, the court dismisses the plaintiff's ADA claim.

### B. The Complaint Fails to State a Constitutional Claim

As noted earlier, the plaintiff appears to raise a due process challenge with respect to the nonpayment of an incentive check and the DCPS' refusal to grant her a hearing. *See* Compl. at 3. The defendants argue that the plaintiff has not alleged that a policy or practice of the defendants resulted in the alleged violation of the plaintiff's constitutional right. Defs.' Mot. at 16. In her opposition, the plaintiff reiterates that she was denied her Fifth and Fourteenth Amendment due process rights because the defendants refused to pay her or grant her a hearing. Pl.'s Opp'n at 2.

---

*complaint by reference*, and matters of which a court may take judicial notice" (emphasis added)).

"To state a claim under [§] 1983, a plaintiff must allege both (1) that [s]he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendant[s] acted 'under color of' the law of a state, territory or the District of Columbia.'" *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). The second prong requires a determination of whether "a policy or custom of the District of Columbia caused the constitutional violation alleged under the first prong." *Baker v. Dist. of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). As the court in *Baker* stated, the plaintiff must

> allege[] an "affirmative link," such that a municipal policy was the "moving force" behind the constitutional violation. There are a number of ways in which a "policy" can be set by a municipality to cause it to be liable under § 1983: the explicit setting of a policy by the government that violates the Constitution; the action of a policy maker within the government; the adoption through a knowing failure to act by a policy maker of actions by his subordinates that are so consistent that they have become "custom"; or the failure of the government to respond to a need (for example, training of employees) in such a manner as to show "deliberate indifference" to the risk that not addressing the need will result in constitutional violations.

*Baker*, 326 F.3d at 1306-07 (internal citations omitted).

Here, the plaintiff has not specified, described or even hinted at any District of Columbia practice or policy that resulted in the alleged violation of her due process rights. *See generally* Compl.; Pl.'s Opp'n. The plaintiff's due process claim, therefore, fails. *See, e.g.*, *Stoddard v. Dist. of Columbia*, 2011 WL 590365, at *4 (D.D.C. Feb. 18, 2011) (dismissing the plaintiff's constitutional claim because "[w]holly absent from the Plaintiff's complaint is any allegation of a pattern, practice, policy or custom of the District of Columbia, the application of which caused [the alleged constitutional] violation"); *see also Heard v. U.S. Dep't of State*, 2010 WL 3700184, at *9 (D.D.C. Sept. 17, 2010) (explaining that "a complaint cannot survive a motion to dismiss based on a conclusory claim unsupported by any factual allegations").

## III. CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss and denies as moot the defendants' motion for summary judgment. An Order consistent with the Memorandum Opinion is separately and contemporaneously issued this 18th day of March, 2011.

RICARDO M. URBINA
United States District Judge